IN THE

# United States Court of Appeals for the Third Circuit
## No. 24-1997

_____

Neil Binder,

*Plaintiff/Appellant,*

*vs.*

Coldwell Banker Real Estate LLC,

*Defendant/ Appellee.*

_____

*On appeal from the Orders entered in the United States District Court for the District of New Jersey dated October 5, 2023, and May 16, 2024, in No. 22-07425*

_____

## BRIEF FOR APPELLEE COLDWELL BANKER REAL ESTATE LLC

_____

Daniel M. Eliades
**K&L GATES LLP**
One Newark Center, 10th Floor
Newark, NJ 07102
(973) 848-4000 (telephone)
Daniel.Eliades@klgates.com

*Counsel for Appellee Coldwell Banker Real Estate LLC*

## DISCLOSURE STATEMENT

Appellee Coldwell Banker Real Estate LLC is a wholly-owned subsidiary of Coldwell Banker LLC, which is a wholly-owned subsidiary of Anywhere Real Estate Services Group LLC, which is a wholly-owned subsidiary of Anywhere Real Estate Group LLC, which is a wholly-owned subsidiary of Anywhere Real Estate Intermediate Holdings LLC, which is a wholly-owned subsidiary of Anywhere Real Estate Inc.

**Anywhere Real Estate Inc. is a publicly traded corporation.**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................... 1

JURISDICTIONAL STATEMENT.......................................... 3

ISSUE PRESENTED................................................................. 3

STATEMENT OF THE CASE .................................................. 4

    I.    FACTUAL BACKGROUND ..................................... 4

    II.    PROCEDURAL BACKGROUND ........................... 7

SUMMARY OF THE ARGUMENT......................................... 9

THE STANDARD OF REVIEW ............................................. 10

ARGUMENT ........................................................................... 10

    II.    COLLATERAL ESTOPPEL ALSO PRECLUDES MR. BINDER'S ATTEMPT TO RELITIGATE THE PRIOR APPEAL. ..................................................................... 14

    III.    MR. BINDER'S ATTEMPT TO SEEK RELIEF UNDER F.R.C.P. RULE 60 IS IMPROPER. .................................... 17

        A.    MR. BINDER HAS NOT PROPERLY PLED THAT THE PRIOR APPEAL SHOULD BE OVERTURNED BECAUSE OF ALLEGED FRAUD ON THE COURT PURSUANT TO RULE 60(D)(3). .............................. 17

        B.    MR. BINDER'S RULE 60(B) CHALLENGE IS UNTIMELY. .............................................................. 19

CONCLUSION....................................................................... 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*800 Servs., Inc. v. AT&T Corp.,*
822 F. App'x 98 (3d Cir. 2020)..................................................14, 17, 18

*Brown v. Felsen,*
442 U.S. 127 ...................................................................... 16

*Burlington Northern Railroad Co. v. Hyundai Merch. Marine
Co.,*
63 F.3d 1227 (3d Cir. 1995)................................................ 15

*Children's Seashore House v. Waldman,*
197 F.3d 654 (3d Cir. 1999).............................................. 10

*Coldwell Banker Real Est. LLC v. Bellmarc Grp. LLC,*
No. 21-2862, 2022 WL 3644183 (3d Cir. Aug. 24, 2022).............*passim*

*Fink v. Bishop,*
No. 21-2651, 2022 WL 4533855 (3d Cir. Sept. 28, 2022).................. 17

*Gillespie v. Janey,*
527 F. App'x 120 (3d Cir. 2013)........................................... 18

*Hancock Indus. v. Schaeffer,*
811 F.2d 225 (3d Cir. 1987)............................................... 20

*Herring v. United States,*
424 F.3d 384 (3d Cir. 2005)....................................................16, 18, 19

*L-Tec Electronics Corp. v. Cougar Elec. Org., Inc.,*
198 F.3d 85 (2d Cir. 1999)................................................ 12

*Migra v. Warren City School District,*
465 U.S. 75 (1984) ........................................................10, 11

*Montana v. United States,*
440 U.S. 147 (1979) ........................................................ 11

*In re Mullarkey,*
    536 F.3d 215 (3d Cir. 2008) ........................................................10, 15

*Parkland Hosiery Co. v. Shore,*
    439 U.S. 322 (1979) ........................................................................ 14

*Peloro v. U.S.,*
    488 F. 3d 163 (3d Cir. 2007) .......................................................... 15

*Smith v. Morgan,*
    75 Fed.Appx. 505 (6th Cir. 2003) .................................................. 11

*Taylor v. Sturgell,*
    553 U.S. 880 (2008) ........................................................................ 15

*Turner v. Crawford Square Apartments III, L.P.,*
    449 F.3d 542 (3d Cir. 2006) ........................................................... 11

*United States v. Athlone Industries, Inc.,*
    746 F.2d 977 (3rd Cir. 1984) .......................................................... 12

## Statutes

28 U.S.C. § 1291 .................................................................................... 3

28 U.S.C. § 1332 .................................................................................... 3

## Other Authorities

F.R.C.P. Rule 60 .............................................................................*passim*

Restatement (Second) of Judgments § 24 (1982) ................................. 12

Restatement (Second) of Judgments § 27 (1982) ............................15, 16

## INTRODUCTION

In May 2021, Mr. Binder had a full and fair opportunity to litigate, at trial, his grievances against Coldwell Banker arising out of Mr. Binder's breach (personally and on behalf of his companies) of certain franchise agreements before the United States District Court of New Jersey.  In 2022, Mr. Binder had a full and fair opportunity to appeal his trial grievances to this Court.  In an opinion dated August 24, 2022, this Court affirmed the District Court's judgment.  This should have marked the end of Mr. Binder's litigation.

Instead of paying the District Court's prior judgment against him, Mr. Binder filed a new action in the District Court, seeking to re-litigate issues already argued and decided in the prior action.  The new action was also dismissed, but again Mr. Binder refused to comply and instead filed a motion for reconsideration.  The District Court summarily denied that motion via a Letter Order that expressly warned Mr. Binder of potential sanctions should he file any additional frivolous motions. A008.

Despite the District Court's warning, Mr. Binder filed this duplicative appeal.  Indeed, Mr. Binder's current appellate brief is

1

replete with references to the franchise agreements, various documents either reviewed by the trial court in 2021 or produced during the course of that litigation, and his disagreement with the District Court's evidentiary findings.  Mr. Binder, however, repackaged his attempt to re-litigate the prior case as a Rule 60 action seeking to challenge the judgment on the grounds that Coldwell Banker procured it by fraud. Mr. Binder did not plead any facts to merit relief pursuant to Rule 60.

Mr. Binder's allegations of fraud all relate to a series of documents dated between 2013 and 2015 that were produced during the prior case and the majority of which were reviewed by the District Court, as well as certain testimony that was elicited during trial referencing those documents.  Mr. Binder appears to allege that he disagrees with the numbers or calculations described in the documents, which he categorizes as "fraudulent."  Beyond his disagreement with the documents, however, Mr. Binder fails to plead facts that explain why the documents were fraudulent or any facts that explain who perpetrated the fraud or when he learned about it.

Mr. Binder contends that the key to proving "the pervasive level of fraud and perjury performed by" Coldwell Banker lies in the "Tables

and Graphs" excluded by the District Court in the prior case. Brief at 6-7. Regardless of the merit of Mr. Binder's contention, Mr. Binder has had in his possession the "proof" of the purported fraud since the prior case and raised his disagreements with the District Court's exclusion in the prior appeal, which this Court affirmed. What the extensive record shows is that Mr. Binder already presented his purported "proof" of fraud to this very Court and lost. Mr. Binder should not be permitted yet another opportunity to re-litigate the same issue.

## JURISDICTIONAL STATEMENT

The district court had jurisdiction pursuant to 28 U.S.C. § 1332. This Court has jurisdiction under 28 U.S.C. § 1291. The district court granted Coldwell Banker's Motion to Dismiss on September 25, 2023, and denied a subsequent Motion for Reconsideration on May 16, 2024. The appellant filed his notice of appeal on May 21, 2024.

## ISSUE PRESENTED

Do the doctrines of res judicata and collateral estoppel preclude Mr. Binder from re-litigating, in the current action, issues previously raised and decided in the prior action?

3

## STATEMENT OF THE CASE

### I.   Factual Background

This litigation arises out of Mr. Binder's attempt to collaterally attack a matter that was already adjudicated by the District Court, which judgment was affirmed by this Court.  In August 2022, this Court heard and adjudicated Mr. Binder's appeal of a District Court judgment against him and in favor of Coldwell Banker.  *See Coldwell Banker Real Est. LLC v. Bellmarc Grp. LLC*, No. 21-2862, 2022 WL 3644183 (3d Cir. Aug. 24, 2022) (the "Prior Appeal").  For the Court's ease of reference, the undisputed facts identified in the Prior Appeal are repeated below.

Coldwell Banker is a real estate brokerage franchisor.  Prior Appeal at *1.  In 2013, Coldwell Banker executed a franchise agreement and a series of addendums with several entities directed by Mr. Binder (the "Franchisees") (the agreements are collectively referred to as the "Franchise Agreements").  *Id.*  The Franchise Agreements required Mr. Binder's companies to pay certain royalty and marketing fees.  *Id.* As part of the agreements, Mr. Binder "executed a guarantee of payment and performance to Coldwell Banker for the Franchisees."  *Id.*

The Franchise Agreements permitted the Franchisees to qualify

for certain forgivable loans provided that the Franchisees "met certain revenue thresholds and complied with the Franchise Agreements; otherwise, the loan had to be paid back to Coldwell Banker." *Id.* Coldwell Banker loaned the Franchisees $1,250,000 in June 2013 and $187,500 on January 6, 2014. *Id.* On January 8, 2014, the Franchisees ceased paying the required royalty and marketing fees because of Mr. Binder belief that he was owed the reimbursement of certain advertising costs that he believed Coldwell Banker owed him. *Id.*

Following the Franchisees' default, Coldwell Banker terminated the Franchise Agreements and in December 2014 pursued an action against the Franchisees, and Mr. Binder, in the District Court (the "Prior Action"). *Id.* at *2. Mr. Binder and the Franchisees filed counterclaims against Coldwell Banker. *Id.* In September 2021, following a bench trial, the District Court "concluded that Coldwell Banker had proved its breach of contract claims and denied defendants' remaining counterclaim." *Id.* Binder appealed the judgment, and this Court affirmed it. *Id.* Among other things, this Court affirmed the District Court's decision to exclude the "Tables and Graphs" that are yet again central to Mr. Binder's current appeal. *Id.* at *3.

On December 13, 2022, Mr. Binder initiated this action.  ECF No.

1.  Mr. Binder filed an amended complaint on January 18, 2023.  ECF

No. 5 (the "Amended Complaint").  In the Amended Complaint, Mr.

Binder alleged that:

> During [the prior trial], CB purposely submitted documents into evidence that it knew were fraudulent. As a consequence, the Court believed that Bellmarc was delinquent in its obligations under a Franchise Agreement signed by the parties. However, if truthful documents had been submitted it would have revealed that Bellmarc and Plaintiff were always in compliance with the Franchise Agreement. The issue in this case centers on disclosure of this fraud and the consequence to Plaintiff.

Amended Complaint, ¶ 5.  The Amended Complaint repeats his

contention from the Prior Action regarding his dispute over the

Franchise Agreements payments.  *See, e.g.*, Amended Complaint, ¶¶ 11

– 47.  In addition, Mr. Binder raised a number of allegations that,

during the course of the trial, Coldwell Banker purportedly submitted

"fraudulent" documents in support of its position.  *See, e.g.*, *Id.*, ¶¶ 35

(the "December 15, 2014 Account Summary Report"), 47 (the "January

27, 2014 Arrears Report"), 52 (the "Production Report dated May 21,

2014").  Mr. Binder pleads that, at some indeterminate point after trial

in the Prior Action, he identified the alleged "deception," though he

provides no further specifics.  *Id.*, ¶ 117.

On appeal, Mr. Binder further clarifies that his current action is an effort to challenge the Prior Action.  Two of Mr. Binder's issues presented on appeal are challenges to evidentiary rulings made by the District Court in that case.  Mr. Binder's Brief ("Brief"), at 1 (Issues 1 and 2).  Mr. Binder contends that the District Court erred in 2021 by not allowing him to introducethe "Tables and Graphs."  *Id.*  Mr. Binder further contends that the District Court erred by not allowing him to provide an expert opinion in support of his case.  *Id.*

## II.    Procedural Background

On December 13, 2022, Mr. Binder initiated this action.  ECF No. 1.  Mr. Binder filed an amended complaint on January 18, 2023.  ECF No. 5.

On March 2, 2023, Binder filed a Motion to Recuse Judge Madeline Cox Arleo.  ECF No. 9.  Coldwell Banker filed a Motion to Dismiss the Complaint on March 20, 2023.  ECF No. 13.  The District Court denied Binder's recusal motion and granted Coldwell Banker's Motion to Dismiss on September 25, 2023.  A002-A006.  As it pertains to the Motion to Dismiss, the District Court concluded that the Prior

Action and the Prior Appeal precluded Mr. Binder from pursuing this action under the doctrine of res judicata and collateral estoppel. A004. In reaching its decision, the District Court addressed Mr. Binder's fraud claims and noted that "Although Plaintiff's allegations are labeled as fraud claims, Plaintiff essentially seeks a re-trial on the same set of facts already litigated—whether he defaulted on the Franchisee Agreements in violation of the parties' contract. His Amended Complaint does not sufficiently allege fraudulent conduct by Coldwell Banker, but rather challenges factual findings the Court made in the Prior Case." A005.

On October 5, 2023, Mr. Binder filed a Motion for Reconsideration of the District Court's decision. ECF No. 41. On May 16, 2024, the District Court denied Mr. Binder's Motion. ECF No. 44; A007-A008. In its opinion, the District Court again noted that Mr. Binder's current action simply "reiterates the same argument that has been repeatedly litigated: whether he defaulted on the Franchise Agreements." A008.

On May 21, 2024, Mr. Binder filed a Notice of Appeal, appealing the District Court's Orders. A001.

## SUMMARY OF THE ARGUMENT

1.    The doctrines of res judicata and collateral estoppel preclude Mr. Binder from re-litigating the Prior Action through this action.  Mr. Binder had a full and fair opportunity to litigate the evidentiary matters he raises now and the Prior Action contains numerous references to Mr. Binder raising similar arguments to the ones he raises now.  Indeed, this Court affirmed the exclusion of the "Tables and Graphs," the document Mr. Binder contends is "critical" to purportedly proving "the pervasive level of fraud and perjury."  Mr. Binder's current appeals presents nothing new for this Court to consider.

2.    To the extent Mr. Binder contends that he is entitled to challenge the Prior Action pursuant to Rule 60, Mr. Binder has failed to plead any facts to suggest that his challenge is timely.  To the extent that Mr. Binder contends that fraud was perpetrated on the Court (pursuant to Rule 60(d)(3)), Mr. Binder fails to plead any facts to suggest that such fraud was perpetrated by an officer of the court.  To the extent Mr. Binder contends that fraud was perpetrated by a party (pursuant to Rule 60(b)(3)), Mr. Binder failed to raise his challenge within the one-year window required under Rule 60(C)(1).

9

## THE STANDARD OF REVIEW

Mr. Binder appeals the District Court's grant of Coldwell Banker's Motion to Dismiss and the District Court's subsequent denial of his Motion for Reconsideration. This Court exercises a plenary review when reviewing a grant of a motion to dismiss. *See, e.g.*, *Children's Seashore House v. Waldman*, 197 F.3d 654, 658 (3d Cir. 1999).

## ARGUMENT

### I. Res judicata precludes Mr. Binder's attempt to relitigate the Prior Action.

Res judicata bars re-litigation of claims which actually were or which could have been asserted in a prior proceeding. *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Thus, the res judicata bar applies where three factors are present: "'(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action.'" *Id.* (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)).

The broad concept of res judicata is composed of two similar, but separate concepts, issue preclusion and claim preclusion. *See Migra v. Warren City School District*, 465 U.S. 75, 77 n. 1 (1984). Although these doctrines both govern the preclusive effects of a former adjudication,

10

they are applied in different ways. "Issue preclusion refers to the effect of a judgment in foreclosing re-litigation of a matter that has been litigated and decided." *Id.* "Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Id.* The purpose of precluding "parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979).

The "purpose of [the res judicata] doctrine is to relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudications." *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 551 (3d Cir. 2006). Thus, res judicata not only bars re-litigation in a second suit of what was actually litigated in the first suit, but res judicata also bars re-litigation of what could have been litigated in the first suit. *See Smith v. Morgan*, 75 F. App'x 505, 506 (6th Cir.

2003) ("Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated as well as every theory of recovery that could have been presented."; *L-Tec Electronics Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 87-88 (2d Cir. 1999) ("The doctrine of res judicata, or claim preclusion, prevents a plaintiff from relitigating claims that were or could have been raised in a prior action against the same defendant where that action has reached a final judgment on the merits.").

The third prong, the causes of action or "claims" extinguished by res judicata, include all rights of the plaintiff to remedies against the defendant with respect to the transaction or series of connected transactions out of which the suit arose. Restatement (Second) of Judgments § 24 (1982); *United States v. Athlone Industries, Inc.*, 746 F.2d 977, 983-984 (3rd Cir. 1984).

Here, Mr. Binder readily acknowledges the first two prongs: that the parties to this action were parties to the Prior Action and that the Prior Action reached final judgment. Brief at 2.

On the third prong, it is clear that the totality of Mr. Binder's case is predicated upon his grievances regarding the Franchise Agreement and the Prior Action. *See, e.g.*, Brief at 1 ("This appeal pertains to a case decided in Federal District Court . . . Coldwell Banker v. Bellmarc[,] et al., Case #2:14-7926."). Indeed, Mr. Binder uses the phrase "Franchise Agreement" at least 42 times in his brief. Further, each and every one of the arguments that Mr. Binder addresses in his brief relate to documents that were either addressed in the Prior Action or produced during that litigation, such that any issues relating in any way to such documents could have and should have been brought in the Prior Action.

On appeal, Mr. Binder makes no effort to address the District Court's conclusion that "Although Plaintiff's allegations are labeled as fraud claims, Plaintiff essentially seeks a re-trial on the same set of facts already litigated—whether he defaulted on the Franchisee Agreements in violation of the parties' contract. His Amended Complaint does not sufficiently allege fraudulent conduct by Coldwell Banker, but rather challenges factual findings the Court made in the Prior Case." A005.

13

Instead, Mr. Binder argues that res judicata does not apply because he contends that he is challenging the prior judgment pursuant to Rule 60(d). Brief at 48-49. As further discussed in Section III of this brief, however, Mr. Binder cannot meet the exacting standard of seeking Relief pursuant to Rule 60(d). Critically, Mr. Binder does not plead any facts to explain when he learned of the alleged fraud by Coldwell Banker, nor does he plead any facts to refute what his brief makes obvious: his allegations of fraud are merely disagreements with the evidence presented in the Prior Appeal and the District Court's rulings in that action. *See 800 Servs., Inc. v. AT&T Corp.*, 822 F. App'x 98 (3d Cir. 2020) ("Litigants routinely disagree about how courts should view evidence. But the losing party cannot just repackage that disagreement to claim that the winning party committed fraud on the court.").

## II.    Collateral estoppel also precludes Mr. Binder's attempt to relitigate the Prior Appeal.

Collateral estoppel is a doctrine related to res judicata, which prevents the re-litigation of an issue, as opposed to a claim, "which was actually determined in a prior action, generally between the same

parties, involving a different claim or cause of action." *Parkland Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979); *Mullarkey,* 536 F.3d at 225. The elements of collateral estoppel are: (1) The issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.   *Mullarkey*, 536 F.3d at 225. *See also Peloro v. U.S.*, 488 F. 3d 163, 175 (3d Cir. 2007); Vol. 18 Moore's Federal Practice, § 131.01 (Matthew Bender 3d ed.).

Collateral estoppel prevents "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). *See also Burlington Northern Railroad Co. v. Hyundai Merch. Marine Co.*, 63 F.3d 1227, 1231-32 (3d Cir. 1995).

Collateral estoppel applies to issues both of fact and law. Restatement (Second) of Judgments § 27 comment a (1982). Thus, for

example, a judgment finding the presence or absence of fraud can collaterally estop relitigation of the issues of fraud. *Brown v. Felsen*, 442 U.S. 127, 139 t n.10, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); Restatement (Second) of Judgments § 27 comment a at p.251 (1982).

Mr. Binder does not dispute the District Court's conclusion that Mr. Binder is merely re-litigating the same set of facts already litigated in the Prior Action. A005. Instead, Mr. Binder appears to argue that collateral estoppel does not apply because of his perception that Coldwell Banker had a "plan to deceive the Court." Brief at 50-51. As addressed more fully in Section III below, to the extent Mr. Binder refers to relief under Rule 60(d)(3), such relief is improper because the fraud on the court must have been committed by an "officer of the court." *Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005). There are no allegations that any officer of the court partook in the alleged fraudulent conduct.

In the alternative, to the extent Mr. Binder alleges that the fraud was one committed by a party pursuant to Rule 60(b)(3), Mr. Binder needed, and failed, to either make a motion for reconsideration in the Prior Action or to file a new action by September, 2022, pursuant to

16

Rule 60(c)(1).  *See* Section III(b).  Because he did not do so, Mr. Binder's allegations of fraud do not relieve him of the collateral estoppel bar.

## III.  Mr. Binder's attempt to seek relief under F.R.C.P. Rule 60 is improper.

The District Court did not specifically address Mr. Binder's argument concerning to F.R.C.P. Rule 60, most likely because it was not coherently presented to the court.  Nonetheless, to the extent the Court is inclined to address Mr. Binder's argument, Coldwell Banker respectfully submits that Mr. Binder's Rule 60 challenges are untimely.

### a. Mr. Binder has not properly pled that the Prior Appeal should be overturned because of alleged fraud on the court pursuant to Rule 60(d)(3).

Under Issue No. 3, Mr. Binder alleges that he is entitled to relief from the Prior Appeal because Coldwell Banker allegedly committed "fraud on the court" pursuant to Rule 60(d)(3).  Brief at 1.

"Litigants routinely disagree about how courts should view evidence. But the losing party cannot just repackage that disagreement to claim that the winning party committed fraud on the court."  *800 Servs., Inc. v. AT&T Corp.*, 822 F. App'x 98 (3d Cir. 2020).  Indeed, the proper recourse is "to petition the Supreme Court for a writ of

certiorari, not pursue yet another action in the District Court." *Fink v. Bishop*, No. 21-2651, 2022 WL 4533855, at *2 (3d Cir. Sept. 28, 2022).

As this Court explained in 2005, "[a]ctions for fraud upon the court are so rare that this Court has not previously had the occasion to articulate a legal definition of the concept." *Herring v. United States*, 424 F.3d 384, 386 (3d Cir. 2005). This Court has described the standard to prove fraud on the court as "demanding" and requiring that a party prove that there was a "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court." *Herring*, 424 F.3d at 386. "[A] determination of fraud on the court may be justified only by 'the most egregious misconduct directed to the court itself,' and that it 'must be supported by clear, unequivocal and convincing evidence.'" *Id.* at 386-87 (quoting *In re Coordinated Pretrial Proc. in Antibiotic Antitrust Actions*, 538 F.2d 180 (8th Cir. 1976)) (abrogated on other grounds).

Egregious conduct would include "bribery of a judge or jury or fabrication of evidence by counsel." *Id.* (internal quotes omitted). Critically, the fraud must be committed "by an officer of the court." *Id.*; *Gillespie v. Janey*, 527 F. App'x 120, 122 (3d Cir. 2013); *800 Servs., Inc.*

18

*v. AT&T Corp.*, 822 F. App'x 98, 99 (3d Cir. 2020). Moreover, "perjury by a witness is not enough to constitute fraud upon the court." *Herring*, 424 F.3d at 390.

Mr. Binder alleges that Coldwell Banker purportedly committed fraud on the court in two ways. First, by introducing a series of documents created between 2013 and 2015 that Mr. Binder contends contained false information. *See, e.g.*, Appellate Appendix Volume 2, Parts 1 and 2. Second, because of the alleged perjurious testimony by two Coldwell Banker witnesses who testified about the documents. Brief at 27-33.

Here, to the extent Mr. Binder alleges that any fraud took place, he has not pled any facts to suggest that any of it was perpetrated by any "officer of the court." Indeed, he does not even allege that counsel was aware of the fraud let alone allowed it to happen. By definition, Mr. Binder has failed to properly plead relief pursuant to Rule 60(d)(3).

### b. Mr. Binder's Rule 60(b) challenge is untimely.

Mr. Binder's repeated allegations that Coldwell Banker committed fraud in the Prior Action suggest that the proper relief under Rule 60, if

any, would come from Rule 60(b)(3) (fraud by an opposing party). Nonetheless, to the extent Mr. Binder contends that he is entitled to relief because of mistake (Rule 60(b)(1)) or newly discovery evidence (Rule 60(b)(2)), all these bases of relief are subject to the same timing requirements. Motions seeking relief under any of these provisions must made "be made within a reasonable time" but "no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(c)(1).

The District Court issued its judgment on September 9, 2021. A003. Mr. Binder initiated the present action more than a year later, on December 13, 2022. ECF No. 1. Importantly, "[t]he one year time limit is not extended by the maintenance of an appeal." *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 239 (3d Cir. 1987) (internal quotes omitted). Although Mr. Binder filed a Rule 60 motion seeking reconsideration of the District Court's order dismissing this action, he never timely filed any motion or action seeking reconsideration of the District Court's Judgment in the Prior Action. As a result, Mr. Binder's request for Rule 60(b) relief is untimely.

Moreover, even if this court deems the filing of the complaint in

this Action to constitute a timely filed "motion" challenging the judgment in the Prior Action pursuant to Rule 60, Mr. Binder offers no facts to explain that he sought relief "within a reasonable time." Indeed, Mr. Binder does not explain when he purportedly learned that Coldwell Banker submitted false facts in connection with the Prior Appeal. This Court's opinion in the Prior Action, however, shows that Mr. Binder raised a number of the allegations of fraud during the Prior Appeal and that those allegations were properly considered and rejected by this Court. *See, e.g.*, A0034 ("[H]e claims that Coldwell Banker falsified an audit in 2013"; A0036 ("[B]y misrepresenting the referrals that the Franchisees would receive."). To the extent Mr. Binder contends that the "Tables and Graphs" are "critical" to prove the alleged fraud, Mr. Binder was in possession of the document since the Prior Case.

Because Mr. Binder has not identified any new evidence of impropriety, let alone any evidence identified "within a reasonable time," his appeal should be denied.

## CONCLUSION

Appellee Coldwell Banker respectfully requests that the Court

affirm the judgment of the district court.

Dated: September 12, 2024

Respectfully submitted,

**K&L GATES LLP**

*/s/ Daniel M. Eliades*

Daniel M. Eliades
**K&L GATES LLP**
One Newark Center, 10th Floor
Newark, NJ 07102
(973) 848-4000 (telephone)
Daniel.Eliades@klgates.com

## CERTIFICATE OF BAR MEMBERSHIP

I hereby certify that all counsel representing the appellant are members of the bar of this Court.

> /s/ Daniel M. Eliades
> Daniel M. Eliades
> **K&L GATES LLP**
> One Newark Center, 10th Floor
> Newark, NJ 07102
> (973) 848-4000 (telephone)
> Daniel.Eliades@klgates.com

## ELECTRONIC-FILING CERTIFICATION

I hereby certify that the attached brief as provided to the Court in electronic form includes the same text as the "hard copies" of the brief filed by overnight courier with the Court. I also certify that this electronic file has been scanned with Microsoft Defender Anti-Virus software.

> /s/ Daniel M. Eliades
> Daniel M. Eliades
> **K&L GATES LLP**
> One Newark Center, 10th Floor
> Newark, NJ 07102
> (973) 848-4000 (telephone)
> Daniel.Eliades@klgates.com

## CERTIFICATION OF WORD COUNT

I certify that this brief includes 4,185 words as calculated with the word-counting feature of Microsoft Word and including the parts of the brief specified in Federal Rule of Appellate Procedure 32.

*/s/ Daniel M. Eliades*
Daniel M. Eliades
**K&L GATES LLP**
One Newark Center, 10th Floor
Newark, NJ 07102
(973) 848-4000 (telephone)
Daniel.Eliades@klgates.com

## CERTIFICATE OF SERVICE

I certify that on September 12, 2024, I caused two copies of the attached documents to be served on the following by electronic mail and Federal Express:

Neil Binder

585 Dune Road, Apt. 37ab

West Hampton Beach, NY 11978

*/s/ Daniel M. Eliades*
Daniel M. Eliades